**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 25-61-DLB-CJS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**


**V.**                                    **PLEA AGREEMENT**


**WILLIAM W. CLARK**                                                    **DEFENDANT**

**\*   \*   \*   \*   \***

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the one-count Indictment, charging receipt of visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).  Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2.  The essential elements of the crime charged are:

(a) The Defendant knowingly received a visual depiction;

(b) The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

(c) The visual depiction was of a minor engaging in sexually explicit conduct;

(d) The Defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and

(e) The visual depiction was received using any means or facility of interstate or foreign commerce.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about July 13, 2024, law enforcement responded to a report that a man was taking photographs of children in their swimsuits at a recreation center in Kenton County. Officers spoke to the Defendant, who admitted that he possessed computer-generated depictions of minors engaging in sexually explicit conduct and that he downloaded such material from two websites that law enforcement knew are associated with child pornography. The Defendant further acknowledged that he possessed depictions of actual minors.

(b) That same day, the Defendant consented to the seizure of the electronic storage devices listed in the Forfeiture Allegation from his residence in Kenton County. Law enforcement thereafter analyzed those devices, which revealed approximately 885 digital images and 3 digital videos depicting minors engaging in sexually explicit conduct, including multiple depictions of prepubescent minors engaged in the lascivious exhibition of their genitals and pubic area. The analysis also revealed numerous computer-generated images and videos depicting minors engaging in sexually explicit conduct.

(c) Further analysis revealed that hundreds of files of visual depictions of minors engaging in sexually explicit conduct had been downloaded since as early as October 8, 2022, and continuing through July 13, 2024, from websites, including the two the Defendant admitted visiting for that purpose.

(d) The production of the images and videos of minors engaging in sexually explicit conduct contained on devices listed in the Forfeiture Allegation involved the use of minors engaging in sexually explicit conduct, and the Defendant admits that he knew as much.

(e) The Defendant further admits that he received the images and videos of minors engaging in sexually explicit conduct contained on those devices using any means or facility of interstate or foreign commerce. Specifically, the Defendant admits that he downloaded those digital images and videos via the internet onto the desktop computers listed in the Forfeiture Allegation, and that he thereafter stored such files on portable electronic storage devices listed in the Forfeiture Allegation.

4. The statutory punishment for the crime charged is imprisonment for not less than 5 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment

of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing. An additional mandatory special assessment of $5,000 on any non-indigent person or entity is required pursuant to the Justice for Victims of Trafficking Act. *See* 18 U.S.C. § 3014. A mandatory assessment of not more than $35,000 also applies pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act. *See* 18 U.S.C. § 2259A(a)(2).

5. The United States and the Defendant agree to the following sentence, which binds the Court upon acceptance of this plea agreement:

(a) The Defendant's sentence of imprisonment shall be 63 months.

(b) The Defendant's term of supervised release shall be 5 years.

(c) A special assessment of $100 shall be imposed pursuant to 18 U.S.C. § 3013(a)(2)(A).

(d) A special assessment of $5,000 shall be imposed pursuant to 18 U.S.C. § 3014 because the Defendant is non-indigent.

(e) An assessment of $5,000 shall be imposed pursuant to 18 U.S.C. § 2259A(a)(2).

(f) A fine shall not be imposed.

(g) Pursuant to U.S.S.G. § 5E1.1, restitution to all victims of relevant conduct, not just the offense of conviction, is required and will be determined by the Court at sentencing.

6. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the Forfeiture

Allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the Forfeiture Allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

8. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

9. The Defendant agrees to pay restitution in the amount and to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

10. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/1/2025     By: _____
                    Andrew A. Spievack
                    Assistant United States Attorney

Date: November 21, 2025     _____
                            William W. Clark
                            Defendant

Date: 11/21/2025

Daniel J. Schubert
Attorney for Defendant